Gbben, J.
delivered the opinion of the court.
This is an action of debt at the suit of the plaintiff in error, on a bill single for two hundred and fifty dollars.
The defendant pleaded on oath,' “that the writing obligatory, mentioned in the declaration, was made and delivered upon an agreement, that the plaintiff would advance to the defendant one hundred and twenty-five dollars — and that defendant would give the plaintiff,one hundred p'er cent, for the forbearance thereof three months, making the further sum of one hundred and-twenty-five dollars, which exceeds the rate of six per cent, interest, and is unlawful — and that the said writing obligatory was executed for the consideration.of the said sum of one hundred and twenty-five dollars only, advanced as aforesaid, and the said sum of one hundred and twenty-five dollars, so unlawfully agreed to be paid for the forbearance thereof, and for no other consideration.”
To this plea the plaintiff replied'on oath, “that the said writing obligatory, in the declaration mentioned, was made by said defendant for a good and legal consideration, andjnot in”per-suance of, or upon the corrupt and unlawful agreement, or for the purpose in said plea of said defendant mentioned.”
To this replication the defendant demurred. The court sustained the demurrer, and gave judgment for the sum due, as stated in the plea. , The plaintiff appealed to this court.
*572 It is now insisted, that this replication, upon general principles, is well pleaded; and in this, we think the plaintiff is correct. But the question presented in this case does not arise upon general principles of pleading, nor can it be settled upon the authorities in reference thereto. A proper construction of our statute, under which this plea was filed, must govern the case.
By the act of 1835, ch. 50, sec. 4 and 5, it is provided, that when a greater sum than six per cent, per annum is reserved, and suit is brought for the same, the defendant may avoid the excess over legal interest, by a plea on oath, setting forth the amount of usury in the transaction. To such plea the plaintiff may reply on oath, and the fact shall be decided by a jury, where it is denied in the replication. Where the plaintiff admits the truth of the plea in his replication, or fails to file such replication with the affidavits required, judgment shall be given for the plaintiff for the principal and legal interest, and no more.
The act further provides, that when the plaintiff is an en-dorsee, or executor, or administrator, he shall be permitted to file his replication, by swearing that there was no usury in the transaction, to his knowledge. ,,
This act clearly contemplates that the plaintiff must in his Replication deny that there was any usury in the transaction; or if he deny the special contract stated in plea, but do not deny the existence of usury to some extent, he must state in his replication the contract as it exists. It is not sufficient to confine his denial to the agreement as set forth in the plea and then stop. He must deny the existence of usury altogether, or he must state specially the contract. This replication does neither of these things, and the demurrer was, therefore, properly sus-tainéd.
Affirm the judgment.